FILED

NOV 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMY J. ROLOFF and MATTHEW J. ROLOFF, <br><br>          Plaintiffs - Appellants, <br><br>   v. <br><br> WASHINGTON COUNTY, a political subdivision of the State of Oregon; et al., <br><br>          Defendants - Appellees. | No. 12-35616 <br><br> D.C. No. 3:10-cv-01487-MO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 7, 2013
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and PRO, Senior District Judge.[**]

Plaintiffs-Appellants Amy and Matthew Roloff appeal from the district

court's order granting summary judgment in favor of Defendants-Appellees. The

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Philip M. Pro, Senior District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Roloffs also challenge the district court's orders granting a motion to quash a subpoena, and granting Defendants' motion to amend their summary judgment motion. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

Defendant-Appellee John Wheeler did not violate the Roloffs' Fourth Amendment rights because the area where he walked is not within the curtilage of the Roloffs' home. *See United States v. Dunn*, 480 U.S. 294, 300 (1987). To define the extent of a home's curtilage, we focus on whether the area harbors the "intimate activity associated with the sanctity of a man's home and the privacies of life." *Id.* (internal quotations omitted). We consider four factors to determine whether an area constitutes the curtilage: (1) the proximity of the area to the home; (2) "whether the area is included within an enclosure surrounding the home;" (3) "the nature of the uses to which the area is put;" and (4) "the steps taken by the resident to protect the area from observation by people passing by." *Id.* at 301. The district court properly applied the *Dunn* factors to the undisputed facts. Although the first factor supports the Roloffs, the remaining factors demonstrate that the area where Wheeler walked does not constitute the curtilage of the Roloffs' home.

Even if Wheeler had entered the curtilage of the Roloffs' home, he is entitled to qualified immunity because precedent in 2010 did not clearly establish that his actions violated the Fourth Amendment. *See Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009). Our decision in *United States v. Traynor* made clear that as long as the relevant observations take place outside of the curtilage, there is no Fourth Amendment violation, even if the officer passed through the curtilage.[1] 990 F.2d 1153, 1157 (9th Cir. 1993) ("[I]t does not matter that officers first trespass upon property that is obviously curtilage . . . as long as the incriminating observations themselves take place outside the protected curtilage.").

Defendants did not intentionally treat the Roloffs differently from similarly situated persons in violation of the Equal Protection Clause under a "class of one" theory. Viewing the evidence in the light most favorable to the Roloffs, they are not able to show that Defendants intentionally singled them out for discriminatory treatment. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

The district court did not abuse its discretion in granting an anonymous blogger's motion to quash a subpoena served on Google, Inc. The district court

---

[1] *United States v. Jones*, 132 S. Ct. 945 (2012), and *Florida v. Jardines*, 133 S. Ct. 1409, 1414 (2013), had not been decided at the time of Wheeler's entry onto the Roloffs' property, and thus play no role in our qualified immunity analysis.

did not abuse its discretion in concluding that the value of the anonymous speech outweighed the value of the discovery in light of the speculative nature of the Roloffs' claim that the comment on the blog may have been made by a Washington County employee. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1176–77 (9th Cir. 2011).

Finally, the district court did not abuse its discretion in permitting Defendants to amend their summary judgment motion to add Defendants Nadine Smith-Cook and Andrew Singelakis. There was no prejudice to the Roloffs because Defendants did not raise new arguments, and the original motion discussed Smith-Cook and Singelakis. In any event, Singelakis and Smith-Cook are not liable under § 1983 because there was no constitutional violation. Therefore, even if the district court erred in allowing the amendment, the error is harmless.

**AFFIRMED.**